UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PAUL WAYNE MERRITT,

    Petitioner,

v.                              Case No. 4:20-cv-523-WS-MJF

FLORIDA PAROLE COMMISSION, *et al*.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Paul Wayne Merritt has filed an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b)." (Doc. 1). The undersigned concludes that this court lacks jurisdiction to consider Merritt's application.[1]

An applicant seeking to file a second or successive habeas corpus petition "shall move in the appropriate *court of appeals*" for an order authorizing the filing of a second or successive petition. 28 U.S.C. § 2244(b)(3)(A) (2020) (emphasis added). Only a federal court of appeals may authorize the filing of a second or successive habeas corpus application. 28 U.S.C. § 2244(b)(3) (2020); *see also* Rule

---

[1] The District Court referred this case to the undersigned for preliminary review and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order *from the appropriate court of appeals* authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).") (emphasis added); *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that district court lacked jurisdiction to entertain prisoner's second habeas corpus petition because the prisoner failed to obtain an order from *the court of appeals* authorizing him to file the petition). As this court lacks jurisdiction to consider Merritt's application, this action should be dismissed.[2]

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for lack of jurisdiction.

2. The clerk of the court be directed to close this case file.

At Panama City, Florida, this 5th day of November, 2020.

---

[2] It appears that Merritt was confused about whether the United States District Court for the Northern District of Florida is a trial court or an appellate court. Merritt captioned his application for the "Northern District Court of Appeal," and addressed his envelope to the Tallahassee Division of this court. (Doc. 1, Attach. (mailing envelope)). Merritt's certificate of service, however, indicates that he intended to mail his application to: "Clerk of Court, United States Court of Appeals for the Eleventh Circuit, 56 Forsyth Street N.W., Atlanta, Georgia 30303." (*Id*. at 57). Merritt is advised that the address on his certificate of service is the correct address to mail his application to the Eleventh Circuit Court of Appeals.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**